In the Matter of the Application of BERT L. JONES, Petitioner, for a Certiorari Order against M. F. LOUGHMAN and Others, Commissioners, Constituting the State Tax Commission, Respondents.

Third Department, May 6, 1936.

*George C. Riley*, for the petitioner.

*John J. Bennett, Jr., Attorney-General [Joseph M. Mesnig, Assistant Attorney-General*, of counsel], for the respondents.

BLISS, J. This is a review by certiorari of a final determination of the State Tax Commission affirming assessments of additional income taxes against the petitioner for the calendar years of 1924 and 1925. The only question before us is whether the net amounts of $79,979.50 and $24,000 received by the petitioner in the years 1924 and 1925, respectively, from the stockholders of the Niagara Gorge Railroad Company constituted compensation for services rendered or were gifts.

The petitioner had served as the manager of the company for many years at an original salary of $1,500 per year, which was gradually increased to $4,800 per year. One Capt. Joseph T. Jones was the largest stockholder and bondholder of the company and was also the president. It was at his request that the petitioner became the manager and upon his personal assurance that if certain riparian and power rights of the company were ultimately sold the petitioner would be more adequately paid. Petitioner's salary, however, was paid regularly and he neither had nor claimed to have any further legal claims against the company for services rendered. There came a time when through the efforts of petitioner all the stock and bonds of the company were sold to power interests at substantial sums. By that time Capt. Jones had died and his widow was the president of the company. A committee of the stockholders and bondholders was formed to complete the negotiations and to enter into a contract with the purchasers for the sale. The board of directors met and passed a resolution giving such authority to this committee. The resolution was unanimously adopted with the request that the counsel for the company prepare a formal resolution to be incorporated in the minutes. This resolu-

tion, when later prepared by such counsel, contained a provision to the effect that the committee be authorized to appropriate from the proceeds of the sale of the stock " proportionate amounts to defray the gifts hereinafter recommended in recognition of the gratuitous services of said Bert L. Jones and George C. Riley to the corporation, in the protection of its riparian rights, which are the chief consideration in bringing about the sale of said securities, and for necessary expenses and disbursements of said committee." The committee was then directed to deduct from the agreed purchase price of the stock thirteen and one-half per cent of the par value thereof, which deduction would amount to $135,000, and that the same be distributed by the committee, " $125,000 to be given to Mr. Bert L. Jones in appreciation of his efforts over a period of twenty-five years in protecting the riparian rights of the corporation on the Niagara River and thus making the same valuable as the chief asset of the corporation." There was then prepared a proposed agreement which was sent to each stockholder by letter to be signed by such stockholders. This agreement authorized the committee to retain from the purchase price of each share of stock $13.50, " which is hereby agreed upon as the total of all commissions, fees, expenses and charges hereunder incurred in connection with the negotiations and consummation of said contract, and shall be disbursed by the committee in accordance with the recommendations of the board of directors of the said railroad company and as the judgment of said committee deems proper."

The petitioner ultimately received as the result of the sale and deductions from the proceeds the amounts above mentioned in the years 1924 and 1925. Upon the reassessment proceedings before the State Tax Commission he contended that these amounts were gifts and, therefore, not taxable. Proof was taken and upon the hearings it appeared that at the directors' meeting the situation with regard to petitioner's previous salary and the promise made to him by Capt. Jones had been thoroughly discussed and that the petitioner had, previous to this meeting, called to the attention of Mrs. Jones, the then president, the promise of her late husband. A number of the directors testified that they were not making a gift to the petitioner, but were providing a compensation for him for services that had not been paid for by the company and that while there was no legal obligation on the part of the stockholders to pay there was also no intention of making a gift. It appears from all of the evidence that in the aspect most favorable to petitioner there was but a question of fact as to whether the stockholders intended to make a gift to him. The weight of the evidence is to the effect that, while petitioner had no legal claim against the company or the stockholders, there was a moral obligation on their

part to compensate him for these years of service which were concededly worth more than the salary he had received. As one director expressed it, petitioner had " a moral claim rather than a legal one."

Here we have a payment in satisfaction of a moral obligation, that is, one which could not be enforced at law, but which is recognized in fair dealing and ordinary business honor. (See *Ausable Chasm Co.* v. *State of New York*, 266 N. Y. 326, for a discussion of the distinctions between a moral obligation and a gratuity or gift.) This payment to the petitioner was made in recognition of past services.

The Federal and New York State statutes in respect to the exemption of gifts from the income taxes are identical. In each of these statutes the term " gross income " includes compensation for personal service and does not include the value of property acquired by gift. (New York Tax Law, § 359; U. S. Code, tit. 26, § 22.) Consequently decisions of the Federal courts are of great assistance in construing the State statute. Income received by a taxpayer under similar circumstances has been held taxable by our Federal courts.

In *Noel* v. *Parrott* (15 F. [2d] 669) a gratuitous appropriation equal in amount to three dollars per share on the outstanding stock of a corporation had been set aside out of the assets for distribution to specified officers and employees of said company, in addition to their stipulated salary which had been paid. Thirty-five thousand dollars of this amount so set aside was paid to the taxpayer plaintiff. The court held that this payment was not a gift but that it was to be regarded either as compensation paid to plaintiff for services previously rendered and for loss sustained in the termination of his employment or as profit realized on the sale of certain stock, and that in either event it was taxable as income under the Federal Income Tax Act. The court also said that a gift was intended was negatived by the fact that distribution was to be made to those who had rendered services to the company, that is, to those from whom the company had received a consideration in the past and that the distribution was thus to be in the nature of a bonus which " ' is not a gift or gratuity, but a sum paid for services, or upon a consideration in addition to or in excess of that which would ordinarily be given.' " That case was cited with approval by the United States Supreme Court in *Old Colony Trust Co.* v. *Commissioner of Internal Revenue* (279 U. S. 716, at p. 730).

Another Federal case in point is *Schumacher* v. *United States* (55 F. [2d] 1007). There the issue was whether an amount of $100,000 received by the plaintiff from the stockholders' committee of the El Paso and Southwestern Company, a holding corporation

for El Paso and Southwestern Railroad Company, was income derived from compensation for personal services or was a gift. The plaintiff had been the president of the railroad company and upon the railroad operated by this company being purchased by another railroad he was given a bonus of $100,000 in recognition of his long and faithful services. The court held that the payment was made to the plaintiff as additional compensation in consideration of former services rendered the railroad company and not as a gift or gratuity and that it was, therefore, taxable under the Federal Income Tax Law. The court said: " It is an essential characteristic of a gift that it be a transfer without consideration. If there is a consideration for the transaction, it is not a gift. [28 C. J. 621.] In this case there was a consideration for the payment made to plaintiff. It is stated in the resolutions of the board of directors, and in the letter of the secretary of the company to the stockholders, ' in recognition of the long and faithful services of the officers and employees of the railroad.' The payment was made to the plaintiff as additional compensation in consideration of former services rendered the railroad company and not as a gift or gratuity." The court also said, " that the money received by the plaintiff was not paid directly by the railroad company but was paid by the stockholders' committee of the holding company does not change the essential character of the transaction, and make a gift out of what was intended to be, and in fact was, additional compensation for services rendered."

In the instant case the facts show that these moneys were paid to the petitioner in consideration of past services which had not been adequately compensated for and that although there was no legal obligation to pay for the same, there was a moral obligation to do so. Under these circumstances the payments were not gifts and are properly included in the petitioner's gross income under the Income Tax Law.

The Tax Commission has held that the income was taxable and therefore, not a gift. The intention of the parties must control. Upon all of the evidence we cannot say that this payment was a gift and not made in satisfaction of a moral obligation. The determination below of this question of fact was not against the weight of the evidence. It should not be disturbed by us on this review. (Civ. Prac. Act, § 1304.)

The determination below should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., RHODES, McNAMEE and CRAPSER, JJ., concur.

Determination confirmed, with fifty dollars costs and disbursements.